IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-270-D

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| GREGORY LAMONT EVANS, | ) |
| | ) |
| Defendant. | ) |

On June 21, 2011, pursuant to a written plea agreement, Gregory Lamont Evans ("Evans") pleaded guilty to distribution of 50 grams or more of cocaine base (crack). See [D.E. 1, 39]. On September 20, 2011, the court held Evans's sentencing hearing. See [D.E. 45]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Evans's total offense level to be 29, his criminal history category to be III, and his advisory guideline range to be 108 to 135 months' imprisonment. See Statement of Reasons. After granting the government's motion under U.S.S.G. § 5K1.1 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Evans to 84 months' imprisonment. See [D.E. 45]. Evans did not appeal.

On December 29, 2014, Evans moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 51]. Evans's new advisory guideline range is 87 to 108 months' imprisonment, based on a total offense level of 27 and a criminal history category of III. See Resentencing Report. Evans requests a 68-month sentence. See id.

The court has discretion to reduce Evans's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam)

(unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Evans's sentence, the court finds that Evans engaged in serious criminal behavior. See PSR ¶¶ 5–6. Evans also has a prior conviction for larceny (three counts), breaking and entering, selling and delivering cocaine (four counts), and a federal conviction for possession with intent to distribute 50 grams or more of cocaine base and aiding and abetting and possession with intent to distribute 1,193 grams of marijuana and aiding and abetting. See id. ¶¶ 9–14. Finally, Evans has taken some positive steps while incarcerated on his federal sentence. See Resentencing Report; [D.E. 52]; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Evans received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Evans's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Evans's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Evans's motion for reduction of sentence [D.E. 51].

SO ORDERED. This 16 day of October 2017.

JAMES C. DEVER III
Chief United States District Judge

2